E-FILED
Friday, 16 December, 2005  11:32:14 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
PEORIA DIVISION

| | |
|---|---|
| DEBRA J. WISELY, ) | |
| ELAINE M. SCHMIDT, ) | |
| JORDANNA E. LEICHENAUER, and ) | |
| CHARLOTTE F. WATSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 05-1364 |
| v. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CHILDREN AND FAMILY SERVICES, ) | |
| 10TH JUDICIAL CIRCUIT COURT, ) | |
| and 9TH JUDICIAL CIRCUIT COURT, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are the Applications to Proceed Without Prepayment of Fees ("Applications") of Plaintiffs Debra J. Wisely [Doc. #1-1] and Elaine M. Schmidt [Doc. #2], along with the attached Class Action Complaint ("Complaint") [Doc. #1-2]; and Motions to Intervene by Latonya Harris [Doc. #3], Pablo Andrade [Doc. #5], Tanya Andrade [Doc. #7], Shenita Brown [Doc. #9], and Diane Bruce [Doc. #11]. For the reasons that follow, Plaintiffs' Applications will be denied and the attached Complaint dismissed. As a result of the dismissal of the Complaint, all Motions to Intervene will be denied as moot.

The burden lies with a plaintiff, even one proceeding pro se, to submit a complaint which minimally complies with the Federal Rules of Civil Procedure. This Court, however, is

obliged to construe Plaintiffs' pro se allegations liberally. See Haines v. Kerner, 404 U.S. 529, 520-21 (1972); Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir. 1992). Despite a liberal reading, a litigant claiming in forma pauperis ("IFP") status must still pass through the screening mechanism of Title 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court shall dismiss a case brought without prepayment of fees at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Thus, the screening mechanism of § 1915(e)(2)(B) is well-suited for actions such as this.

The above-captioned Plaintiffs have filed suit against the Illinois Department of Children and Family Services, as well as the 9th and 10th Judicial Circuit Courts of Illinois, alleging violations directly under the Constitution, as well as 42 U.S.C. § 1983. Each of the above-named Defendants, however, is without doubt "an arm of the State." See Mount Healthy Sch. Dist. v. Doyle, 429 U.S. 274, 280 (1977).

Therefore, to the extent that Plaintiffs' claims are brought under § 1983, Defendants are not subject to suit. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (holding that states and their agencies are not subject to suit under § 1983); Power v. Summers, 226 F.3d 815, 818 (7th Cir.

2

2000) (same).  Likewise, to the extent that Plaintiffs' claims are brought directly under the Constitution, these claims are nonetheless barred by sovereign immunity under the Eleventh Amendment.  <u>See</u> <u>Tennessee Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 446 (2004) (holding that states and their agencies are not subject to suit under the Eleventh Amendment); <u>Seminole Tribe of Fla. V. Florida</u>, 517 U.S. 44, 54 (1996) (same).  As a result, Plaintiffs' Applications must be denied and the instant Complaint dismissed for failure to state a claim upon which relief may be granted on the § 1983 claims and lack of subject matter jurisdiction on the constitutional claims.

Furthermore, because the instant Complaint is to be dismissed, it is unnecessary to decide whether to certify this case as a class action.  <u>See</u> Fed. R. Civ. Pro. 23(c).  The Court, however, will point out that pro se litigants are routinely denied class certification because they are unable to "fairly and adequately protect the interests of the class." <u>See</u> Fed. R. Civ. Pro. 23(a)(4).  Finally, the Motions to Intervene must also be denied because they are hereby moot.

IT IS THEREFORE ORDERED that Plaintiffs' Applications [Docs. #1-1 and #2] are DENIED and this case DISMISSED.

IT IS FURTHER ORDERED that the Motions to Intervene by Latonya Harris [Doc. #3], Pablo Andrade [Doc. #5], Tanya Andrade

[Doc. #7], Shenita Brown [Doc. #9], and Diane Bruce [Doc. #11] are moot and therefore DENIED.

Entered this  16th  day of December, 2005.

                                           /s/ Joe B. McDade
                                         JOE BILLY McDADE
                                    United States District Judge